UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

George M. Teska and Darlene Teska, husband and wife,

Plaintiffs,

vs.

MINUTE ORDER

Potlatch Corporation, a foreign corporation, and Oscar J. Boldt Construction Co., a foreign corporation,

Defendants.

Civ. No. 00-418 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of December, 2000.

* * *

On December 14, 2000, the Court heard argument on the Plaintiffs' Motion to Extend the Expert Discovery Deadlines contained in the Pretrial Order. At the time of the Hearing, the Plaintiffs George and Darlene Teska appeared by Robert C. Bell and Willard L. Converse, Esqs.; the Defendant Potlatch Corporation ("Potlatch") appeared by Frank B. Yetka, Esq.; and the Defendant George J. Boldt Construction Co. ("Boldt") appeared by Steven W. Schneider, Esq. As expressed at the close of the Hearing, we grant the Plaintiffs' Motion.

DEC 15 2000

The Plaintiffs are asking that we extend the deadline for expert disclosures which, for the Plaintiffs, was originally set to expire on September 1, 2000. In order to amend the Pretrial Order, the Plaintiffs must show good cause for the extension. See, Rule 16(b), Federal Rules of Civil Procedure; Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-82 (D. Minn. 1999); Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998). The Plaintiffs assert, and the Defendants do not disagree, that good cause has been shown with respect to their designated expert, Jerry Sundboom ("Sundboom"), as he experienced serious health problems earlier this Fall, and was unable to complete his expert report on a timely basis. Since we join in the parties' recognition of "good cause" for the requested extension, the Plaintiffs' Motion to extend their expert disclosure deadline, so as to allow the filing of Sundboom's report -- to December 15, 2000 -- is granted.[1] The Plaintiffs also requested leave to name a second expert who would testify to the same opinions offered by Sundboom.[2]

[1]Counsel for Boldt advises that Boldt does not object to the timeliness of Sundboom's report, but does not waive any objection to its content.

[2]We reiterate that, should Sundboom be unable to appear as a witness at Trial, due to a recurrence of his health problems, the Plaintiffs will be allowed to substitute another witness to testify to the same, or substantially the same opinions, as were disclosed by Sundboom's expert report.

We find no "good cause" for the Plaintiffs' failure to name this second expert on a timely basis -- as none is offered -- and, more importantly, we believe that duplicative opinions on the subject matter proffered by Sundboom would be impermissible.[3]

Counsel for Potlatch advised that the Plaintiffs were affording Potlatch a voluntary dismissal, with prejudice. Should such a

---

[3]The Plaintiffs had asked for an extension of the expert deadline to January 15, 2001, in order that they could also serve the supplemental report of one of Mr. Teska's treating physicians. However, as we related at the Hearing, our Pretrial Scheduling Order clearly states that the parties are required to provide expert reports "as required by Rule 26(a)(2)(B) * * *." Rule 26(a)(2)(B) contemplates that disclosures be furnished, and written reports be provided, for those experts who fall within the coverage of Rule 702, 703, or 705, Federal Rules of Evidence, and who are "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." See, Rule 26(a)(2)(B), Federal Rules of Civil Procedure. Further, the Advisory Committee Notes to the 1993 Amendments to Rule 26(a)(2)(B) make plain that a "treating physician" need not prepare a written expert report. Thus, in regard to a report by a treating physician, extending the deadline for expert disclosures is unnecessary.

Some cases hold to the contrary, at least when the treating physician intends to opine about matters such as causation, and permanent disability ratings -- which may not have been a part of the medical care given by that physician -- but those cases have not found general favor. See, e.g. Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 594 (D. Neb. 1995)("The treating physicians will only be allowed to testify about their treatment of the plaintiff and the fairness and reasonableness of their bills."); but see, Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 80-81 (D.N.H. 1998)("[E]very court which has considered [Widhelm and similar cases] has either expressly declined to follow them or has distinguished or modified them."). We accept the interpretation of the drafters of Rule 26(a)(2)(B), and the automatic disclosure of the expert opinions of treating physicians is not required.

dismissal is ultimately effected, then counsel for Boldt advised that Boldt would be ascribing to the discovery served upon the Plaintiffs by Potlatch. The Plaintiffs have not objected to this approach, and have also acceded to Boldt's request that it be allowed an opportunity to undertake a Rule 35 examination of the Mr. Teska, if that should prove warranted. Accordingly, since the failure of the Plaintiffs to timely submit Sundboom's report appears to have prevented the Defendants from complying with their expert disclosure deadline, we grant them until February 1, 2001, by which to serve their expert disclosures upon the Plaintiffs.

Lastly, in view of the extension of time for expert disclosures, we extend the discovery deadline to February 15, 2001, the nondispositive Motion deadline to March 15, 2000, and the deadline for dispositive Motions will remain on May 1, 2001. This case shall be "Ready for Trial" on June 1, 2001.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs' Motion to Extend the Expert Disclosure Deadline [Docket No. 12] is GRANTED, and the Pretrial Order is amended such that the discovery deadline is extended to **February**

**15, 2001**, the nondispositive Motion deadline is extended to **March 15, 2001**, and the remaining deadlines will continue in full force and effect.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE